IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:15-cv-00358-O |
| § | |
| CHRISTOPHER A. NOVINGER, et al., § § | |
| Defendants. § | |

## ORDER

Before the Court are Defendants' Opposed Motion for Declaratory Relief (ECF No. 49), filed August 23, 2022; the Securities and Exchange Commission's Response (ECF No. 54), filed September 13, 2022; and Defendants' Reply (ECF No. 55), filed September 27, 2022. For the reasons stated herein, Defendants' motion is **DENIED**.

### I.     Factual and Procedural Background[1]

In May 2015, the Securities and Exchange Commission ("SEC") brought this civil enforcement action against Defendants Christopher Novinger; Brady Speers; NFS Group, LLC; ICAN Investment Group, LLC; and Speers Financial Group, LLC, alleging that Defendants violated the antifraud and registration provisions of the securities laws by offering and selling $4.3 million in life-settlement securities to Texas investors.[2] After a year of litigation, the parties requested, and the Court entered, a series of final judgments resolving the action ("consent decrees").[3] One provision of the consent decree—which the SEC calls a "no-deny" provision and

---

[1] Much of the factual and procedural background is taken from the Court's August 10, 2021 Order, ECF No. 45.
[2] Compl. ¶¶ 1–9, 64–78, ECF No. 1 (citing the Securities Act of 1933 §§ 5(a), 5(c), 17(a); the Securities Exchange Act of 1934 §§ 10(b), 15(a)).
[3] Joint Mot. for J., ECF No. 33; June 6, 2016 Order, ECF No. 34, Final Js. as to Defs., ECF Nos. 35–39.

Defendants call a "gag order"—gives the SEC an option to vacate the judgment and re-open the case if, in the future, Defendants deny the allegations in the Complaint.[4]

Five years later, in June 2021, Defendants moved the Court to reopen the case and for relief from the consent decrees entered against them,[5] contending that the no-deny provision runs afoul of the First Amendment free speech clause.[6] The Court re-opened the case and ordered briefing.[7] Ultimately the Court denied Defendants' motion to reopen and for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[8] Defendants appealed this decision to the Fifth Circuit Court of Appeals, which affirmed the district court decision. *See Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 308 (5th Cir. 2022).

In August 2022, Defendants filed a motion for declaratory relief pursuant to 18 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.[9] Defendants seek a declaratory judgment, asking this Court to declare that the existing consent decrees: (1) incorporate a void and unconstitutional prior restraint and content- and viewpoint-based restriction, unconstitutional condition on speech, and a compulsory self-condemnation in violation of the First and Fifth Amendments of the United States Constitution; (2) imposes restrictions on speech that are not among the remedies authorized by Congress under 15 U.S.C. §§ 77t or 78u either at trial or upon settlement; and (3) that 17 C.F.R. § 202.5(e) is void *ab initio* because SEC bypassed the Administrative Procedure Act's ("APA") requirement for notice and comment.[10] The SEC filed

---

[4] Final Js. as to Defs., ECF Nos. 35–39.
[5] Final J. as to Def. ICAN Investment Group, LLC, ECF No. 36; Final J. as to Christopher A. Novinger, ECF No. 37.
[6] Defs.' Mot. to Reopen 1, ECF No. 40 (citing Fed. R. Civ. P. 60(b)(4)–(5)).
[7] June 18, 2021 Order, ECF No. 42.
[8] August 10, 2021 Order, ECF No. 45.
[9] Defs.' Mot. for Declaratory Relief, ECF No. 49.
[10] Defs.' Br. in Supp. of Mot. for Declaratory Relief 1–2, ECF No. 50.

its response on September 13, 2022.[11] Defendants filed their reply on September 27, 2022.[12] The motion is now ripe for the Court's review.

## II. Analysis

As part of its response, the SEC contends that Defendants' motion is procedurally improper.[13] Specifically, the SEC argues that a party cannot move for declaratory relief, but rather, must file an action for declaratory judgment.[14]

The Declaratory Judgment Act states that "any court of the United States, *upon the filing of an appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). Courts outside of the Fifth Circuit have clearly stated that filing a motion for declaratory judgment is **not** filing an appropriate pleading under the Declaratory Judgment Act. Rather, a party must file an action seeking a declaratory judgment. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010) (quoting *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009)) ("a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment."); *see also Ariz. v. City of Tucson*, 761 F.3d 1005, 1010 (9th Cir. 2014) ("[a] request for declaratory relief is properly before the court when it is pleaded in a complaint for declaratory judgment . . . [not] if raised only in passing, or by motion."). This line of reasoning has been adopted by courts within the Fifth Circuit. *See U.S. v. Bolivar Cnty.*, No. 4:15-CV-165-DMB-JMV, 2016 WL 7471319, at *2 (N.D. Miss. Dec. 28, 2016); *Enniss Fam. Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 916 F. Supp. 2d 702,

---

[11] SEC Resp., ECF No. 54.
[12] Defs.' Reply, ECF No. 55.
[13] SEC Resp. 15, ECF No. 54.
[14] *Id.*

711 (S.D. Miss. 2013); *Stephenson v. Caterpillar Inc.*, No. 2:16-CV-00071-JRG-RSP, 2019 WL 498337, at *2 (E.D. Tex. Feb. 8, 2019).

Defendants cite to *Castle v. U.S.*, 399 F.2d 642 (5th Cir. 1968), to support their contention that the Fifth Circuit considers motions for declaratory relief to be proper.[15] In *Castle*, the Plaintiff, pursuant to 28 U.S.C. § 2255, filed a motion to vacate his criminal conviction. *Id.* at 644. The district court denied the motion and plaintiff appealed to the Fifth Circuit. The Fifth Circuit held that the plaintiff's motion "could be treated as a motion for declaratory judgment under Rule 57." *Id.* That is the full extent of the opinion's discussion of motions for declaratory judgment. The Fifth Circuit in *Castle* does not definitively say that it considers motions for declaratory judgment to be proper. Therefore, the Court declines to find that *Castle* supports the contention that motions for declaratory judgment are proper within the Fifth Circuit.

Defendants further cite to other cases from outside of the Fifth Circuit. Defendants cite *Interdynamics, Inc. v. Wolf*, 698 F.2d 157 (3d Cir. 1982).[16] In *Interdynamics*, the Third Circuit held that it had jurisdiction over an appeal of an order entered in a post-judgment proceeding related to a consent decree that enjoined a company from infringing the patent of another company. *Id.* at 164–74. The allegedly infringing party moved for an order requiring the plaintiff to show cause why the infringing party should be held in contempt for producing a certain product. *Id.* at 160. After a hearing to show cause, the district court entered an order advising the infringing party that it would be held in civil contempt if it produced and marketed the product. *Id.* at 160. The Third Circuit noted that the order was not final in the traditional sense, given that it "expressly contemplated the initiation of further legal proceedings before any sanctions would be imposed on [the infringing party]," but the court nonetheless held that the order amounted to a declaratory

---

[15] Defs.' Reply 4, ECF No. 55.
[16] Defs.' Reply 5 n. 1, ECF No. 55.

4

judgment and was appealable as a final decision on that basis. *Id.* at 164–65. The Third Circuit stated that its decision was influenced by the "special role" of declaratory judgments in patent cases. *Id.* at 165.

The Eleventh Circuit in *Thomas* distinguished *Interdynamics*. *Thomas*, 594 F.3d at 831. The court emphasized that, unlike the order in *Interdynamics*, the order that denied the motion for declaratory relief in *Thomas* did not explicitly rule that the party's claims are released or that he would be held in contempt if he continued to prosecute his claims. *Id.* Further, the court stated that "the Declaratory Judgment Act and the Federal Rules of Civil Procedure impose specific requirements for declaratory judgment actions, and we should not lightly disregard those requirements to exercise jurisdiction over an otherwise nonfinal order." *Id.* The court highlighted that declaratory judgments play a special role in patent cases because they allow a possible infringer to avoid the accrual of a large amount of avoidable damages and prevent a patent holder from making oppressive use of the patent. *Id.* (citing *Interdynamics*, 698 F.2d at 164–65). *Thomas* was not a patent infringement case, so those same circumstances were not present. *Id.*

Likewise, in this case, Defendants are at liberty to bring a separate action for declaratory judgment against the SEC. Should Defendants decide to violate the no-deny provision, the SEC could simply ask this Court to move this lawsuit back to the Court's active docket. Importantly, this lawsuit also does not involve patent infringement, so the special circumstances present in *Interdynamics* are not present in this case. Therefore, the Court finds that the present case is distinguishable from *Interdynamics* and declines to follow its holding. Furthermore, the Court finds that the other out of circuit cases cited by Defendants are unpersuasive in the present case. *See Scherer v. U.S.*, 88 F. App'x 316 (10th Cir. 2004); *City of Columbus, Ohio, Dep't of Dev. v. Harambee Uhuru Sch., Inc.*, 909 F.2d 1482 (6th Cir. 1990).

Accordingly, the Court follows the approach of the Eleventh and Ninth Circuits and finds that a motion for declaratory judgment is not an appropriate pleading for purposes of the Declaratory Judgment Act. Therefore, the Court finds that Defendants' motion is procedurally improper. Defendants' motion for declaratory judgment is **DENIED**.

\*\*\*

While this Court may not enter a declaratory judgment based on Defendants' motion, by entering consent decrees with prospective effect, "a district court retains inherent jurisdiction to 'interpret and modify' the decree." *U.S. v. Bolivar Cnty.*, 2016 WL 7471319, at \*3 (quoting *Williams v. Edwards*, 87 F.3d 126, 131 (5th Cir. 1996)). "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *Id.* (quoting *In re Moody*, 849 F.2d 902, 906 (5th Cir. 1988)). With respect to a consent decree comprising an injunction, one indication that the decree lacks the requisite prospective effect is that in the decree, the court does not "state that it reserved power to modify the decree or that it retained jurisdiction over the case." *Id.* (quoting *Cook v. Birmingham News*, 618 F.2d 1149, 1153 (5th Cir. 1980)).

When a consent decree has prospective effect, "sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Williams*, 87 F.3d at 132 (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 380 (1992)). "In like manner, the district court has the discretion to modify a decree when the court is made aware that the factual circumstances or the law underlying that decree has changed." *Id.* (citing *Alberti v. Klevenhagen*, 46 F.3d 1347, 1365–66 (5th Cir. 1995)).

In this case, the consent decrees have prospective effect, so the Court has inherent authority to modify them. However, the Court does not find, and Defendants fail to argue, that there has been any change in the underlying law or facts that suggest the Court should modify the decrees.[17] Absent such changing circumstances, the only other mechanism to modify the existing consent decrees is through Rule 60(b) of the Federal Rules of Civil Procedure. The Court, in its earlier Order (affirmed by the Fifth Circuit), already found that Rule 60 does not justify a modification of the consent decrees in this case.[18] Accordingly, the Court declines to modify the existing consent decrees between the Parties.

### III.  Conclusion

The Court finds that Defendants' motion for declaratory judgment is procedurally improper. Accordingly, the motion is **DENIED**. Further, as Defendants have not demonstrated and the Court has not found that there has been a change in circumstances warranting a modification of the consent decrees, the Court declines to exercise its inherent authority to modify the decrees.

**SO ORDERED** this **22nd** day of **March, 2023**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[17] *See* Defs.' Br. in Supp. of Mot. for Declaratory Relief, ECF No. 50; Defs.' Reply, ECF No. 55.
[18] *See generally* August 10, 2021 Order, ECF No. 45; *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297 (5th Cir. 2022).